RECEIVED FOR SCANNING
VENTURA SUPERIOR COURT

APR 10 2017

\*Jason Alan
*Pro Se Litigant*

VENTURA
SUPERIOR COURT
FILED

APR 10 2017

MICHAEL D. PLANET
Executive Officer and Clerk
BY: _____ Deputy
AMY GATES

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF VENTURA
UNLIMITED JURISDICTION

| | |
|---|---|
| JASON ALAN, | Case No. |
| Plaintiff, | COMPLAINT    56-2017-00494886-CU-NP-VTA |
| vs. | (Amount to exceed $25,000) |
| VIRGINIA COMMUNITY BANK; and DOES 1 through 10, inclusive, | 1. Violation of the Fair Credit Reporting Act [15 U.S.C. § 1681, *Et Seq.*]; |
| Defendant. | 2. Violation of the California Consumer Credit Reporting Agencies Act [Cal. Civ. Code § 1785, *Et Seq.*]; |
| | 3. Violation of Rosenthal Fair Debt Collection Practices Act [Cal. Civ. Code § 1788, *Et Seq.*]; |
| | 4. Violation of Rosenthal Fair Debt Collection Practices Act [Cal. Civ. Code § 1788, *Et Seq.*, Cal. Civ. Code § 1812.700, *Et Seq.*]; and |
| | 5. Violation of Fair Debt Collection Practices Act [15 U.S.C. § 1692, *Et Seq.*]. |
| | JURY DEMANDED |

## I. INTRODUCTION

1. Plaintiff, JASON ALAN (hereinafter, "Plaintiff") brings this action for Defendant, VIRGINIA COMMUNITY BANK's (hereinafter, "Defendant") multiple and egregious violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (hereinafter, "FCRA") and the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785, *et seq.* (hereinafter, "CA CCRAA") both of which regulate the collection, dissemination, and use of

COMPLAINT
-1-

Exhibit 1, page 1

consumer information, including consumer credit information.

2. Furthermore, Plaintiff brings this action for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION AND VENUE

3. Defendant purposely availed itself of the protection and obligations of the State of California by conducting business within this State and engaging in the conduct giving rise to this action within this State. Therefore, this Court has personal jurisdiction over Defendant.

4. This action is properly venued in Superior Court of the State of California for the County of Ventura because all significant events giving rise thereto took place in this County.

## III. PARTIES

5. Plaintiff is a natural person residing in Ventura County in the state of California, and is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681a and the CA CCRAA, Cal. Civ. Code §1785.3(a). Furthermore, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

6. At all relevant times herein, Defendant is a company who regularly provides information to consumer reporting agencies, and is therefore an "information furnisher" as defined by the FCRA and the CA CCRAA. Defendant is also a "person" under the CA CCRAA, Cal. Civ. Code § 1785.3(j). Furthermore, Defendant was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as

defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

7. The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

8. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## IV. FACTUAL ALLEGATIONS
### -FAIR CREDIT REPORTING-

9. At various times prior to the filing of the instant complaint, including within one year preceding the filing of this complaint, Defendant reported false, misleading, or incomplete information on Plaintiff's consumer credit report.

10. The derogatory remark is in regard to an auto loan originally from JJ BEST

BANC & CO.. However, Defendant purportedly possessed the loan at the time of the false, erroneous, misleading, or incomplete reporting on Plaintiff's consumer credit report.

11.  In or around the middle of March of 2017, Plaintiff sent via certified mail a request for validation of the alleged debt to Defendant.

12.  Instead of giving providing Plaintiff with the requested validation information, Defendant reported to third parties, including without limitation, consumer credit reporting agencies, that Plaintiff was delinquent on payments.

13.  However, the plot thickens: not only did Defendant report him as delinquent on payments, Defendant failed to report that the account in question was in dispute because Plaintiff had requested validation and Defendant failed to provide said validation.

14.  As an actual, direct, and proximate result of Defendant's false, misleading, and incomplete reporting, Plaintiff's consumer credit score was significantly damaged. This has or will inevitably lead to an inability or significantly decreased ability of Plaintiff to obtain credit in forms that include without limitation home loans, automobile loans, and various other personal loans.

15.  Defendant is aware that the third parties to which they are providing this information are going to disseminate this information to various other persons or parties who will be reviewing this information for the purpose of extending credit, insurance or employment and that they have already done so.

16.  The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

17.  Plaintiff has been damaged, and continues to be damaged, in the following ways:

Exhibit 1, page 4

  A. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

  B. Decreased credit score which may result in inability to obtain credit on future attempts; and

  C. Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report.

  18. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant herein.

  19. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

  20. Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §1681s-2(b):

  A. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate; and

  B. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

21. Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

22. Further, Defendant failed to notify Plaintiff of their intention to report negative information on their credit reports. Defendant then failed to correct the disputed information within thirty days of Plaintiff's dispute of that information.

23. As a result of the above violations of the FCRA and CA CCRAA, Plaintiff suffered and continue to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to PLAINTIFF for PLAINTIFF'S actual damages, statutory damages, and costs and attorney's fees.

## V. FACTUAL ALLEGATIONS
### -FAIR DEBT COLLECTION-

24. At various times prior to the filing of the instant complaint, including within one year preceding the filing of this complaint, Defendant contacted Plaintiff by telephone and email in connection with collection on an alleged debt and reported false or misleading derogatory consumer information on Plaintiff's consumer report to credit reporting agencies.

25. In or around October of 2016, Plaintiff purchased an automobile financed originally by JJ BEST BANC & CO. (hereinafter, "JJBBC").

26. Upon information and belief, additionally to Plaintiff's experience of his loan originally with JJBBC now being in the hands of Defendant, Plaintiff hereby alleges that JJBBC sold Plaintiff's debt with JJBBC to Defendant, thereby making Defendant a third party collector

subject to the FDCPA. In other words, JJBBC sold Plaintiff's debt to Defendant without Plaintiff's knowledge or consent.

27. In or around March of 2017, Defendant contacted Plaintiff in connection with collection on the alleged debt, and initiated a campaign of RFDCPA and FDCPA violations.

28. In or around the middle of March of 2017, Plaintiff discovered that his loan is in the possession of Defendant. Plaintiff then tried to figure out how to make payments on the loan online or set up automatic bill payments. However, Plaintiff found the task prohibitively difficult. Defendant's website proved to be unreasonably confusing and did not allow Plaintiff to make any payment online. To add to Plaintiff's frustration, Defendant informed Plaintiff in an email dated March 22, 2017 that automated payments take 10 days to process, and his initial payment would have to be mailed directly to Defendant, thereby insuring that Plaintiff's payment would be late, thereby causing Plaintiff to incur late fees and further interest. None of this was disclosed to Plaintiff.

29. Defendant did not inform Plaintiff of his rights under Federal and California State law in connection with collection on an alleged debt in Defendant's initial communication with Plaintiff.

30. Furthermore, Defendant never gave Plaintiff notices required by Cal. Civ. Code § 1812.700.

31. On or about March 21, 2017, Plaintiff informed Defendant that he was at work. Given that this was in the middle of the day, Plaintiff hereby alleges that Defendant was, naturally, put on notice that this was the time of the week during which he was working and that any further communication in connection with collection on an alleged debt during that time on

that day or any subsequent similar day, i.e., during the week at or around that time, would be harassing.

32. On or about March 24, 2017, Plaintiff revoked all consent to be communicated with by Defendant in connection with collection on the alleged debt through email and requested that Defendant communicate with Plaintiff in connection with collection on the alleged debt through mail by mail only.

33. However, Defendant responded via email and completely ignored Plaintiff's request to be communicated with through mail only and continued to demand payment from Plaintiff.

34. Defendant contacted Plaintiff by email again on or about March 27, 2017 in connection with collection on the alleged debt.

35. In none of Defendant's communications with Plaintiff did Defendant apprise Plaintiff of his rights under the RFDCPA or FDCPA.

36. As an actual, direct, and probable result, Plaintiff felt harassed, annoyed, and anxious.

37. RFDCPA, Cal. Civ. Code § 1788.17 requires all debt collectors to comply with FDCPA provisions 15 U.S.C. §§ 1692b – 1692j, and it subjects debt collectors to the remedy provision of the FDCPA, 15 U.S.A § 1692k.

38. DEFENDANT'S conduct violated the RFDCPA and FDCPA in multiple ways, including but not limited to:

    a) Communicating with Plaintiff in connection with collection on an alleged debt at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer (15 U.S.C. § 1692c(a)(1));

b) Communicating with Plaintiff in connection with collection on an alleged debt at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication (15 U.S.C. § 1692c(a)(3));

c) Failing to disclose in the Defendant's initial communication in connection with collection on the alleged debt that the communication is from a debt collector and in connection with collection on an alleged debt, thereby making use any false, deceptive, or misleading representation or means in connection with the collection of any debt (15 U.S.C. § 1692e);

d) Failing, within five (5) days of Defendant's initial communication with Plaintiff in connection with collection on the alleged debt, to inform Plaintiff in writing that their debt will be assumed valid unless Plaintiff disputes in in writing within thirty (30) days of said initial communication (15 U.S.C. § 1692g(3));

e) Failing, within five (5) days of Defendant's initial communication with Plaintiff in connection with collection on the alleged debt, to inform Plaintiff in writing that if Plaintiff disputes the alleged debt or any portion thereof in writing within thirty (30) days of said initial communication, Defendant must provide Plaintiff with validation of the disputed alleged debt or disputed part thereof (15 U.S.C. § 1692g(4));

f) Using unfair or unconscionable means in connection with collection on an alleged debt (15 U.S.C. § 1692f); and

g) Failing to provide Plaintiff with the notification required of all third party debt collectors attempting to collect on alleged debts (Cal. Civ. Code § 1812.700(a)).

39. As a result of the above violations of the FDCPA and RFDCPA, Plaintiff suffered and continues to suffer injury to PLAINTIFF'S feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and DEFENDANT is liable to PLAINTIFF for PLAINTIFF'S actual damages, statutory damages, and costs and attorney's fees.

///

## COUNT I: VIOLATION OF FAIR CREDIT REPORTING ACT

40. Plaintiff includes by reference all facts contained in the previous paragraphs of this Complaint as if fully set forth herein.

41. To the extent that Defendant's actions, counted above, violated the FCRA, those actions were done knowingly and willfully.

### PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF respectfully prays that judgment be entered against DEFENDANT for the following:

    A. Actual damages;
    B. Statutory damages for willful and negligent violations;
    C. Costs and reasonable attorney's fees; and
    D. For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

42. Plaintiff includes by reference all facts contained in the previous paragraphs of this Complaint as if fully set forth herein.

43. California Civil Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

44. California Civil Code § 1785.25 (b) states that a furnisher that determines a report to a credit reporting agency is not accurate or complete shall promptly notify the consumer reporting agency of that determination and provide corrections to the consumer reporting agency that is necessary to make the information complete and accurate.

45. California Civil Code § 1785.25 (c) provides that if the completeness or accuracy of any information on a specific transaction or experience provided to a consumer reporting agency is disputed by the consumer, the furnisher may not continue reporting the information unless it provides a notice to the consumer reporting agency that the information is disputed by the consumer.

46. Defendant negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate.

47. Based on these violations of Civil Code § 1785.25 (a), Plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF respectfully prays that judgment be entered against DEFENDANT for the following:

    A. Actual damages;
    B. Statutory damages for willful and negligent violations;
    C. Costs and reasonable attorney's fees; and
    D. For such other and further relief as may be just and proper.

## COUNT III: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

48. Plaintiff includes by reference all facts contained in the previous paragraphs of this Complaint as if fully set forth herein.

49. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

      A.    Actual damages;
      B.    Statutory damages for willful and negligent violations;
      C.    Costs and reasonable attorney's fees; and
      D.    For such other and further relief as may be just and proper.

## COUNT IV: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

50.    Plaintiff includes by reference all facts contained in the previous paragraphs of this Complaint as if fully set forth herein.

51.    Cal. Civ. Code § 1812.700(a) requires that third party debt collectors such as Defendant make the following disclosure in writing to debtors and consumers:

> "The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov."

52.    To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF respectfully prays that judgment be entered against DEFENDANT for the following:

      A.    Actual damages;
      B.    Statutory damages for willful and negligent violations;

    C.    Costs and reasonable attorney's fees; and
    D.    For such other and further relief as may be just and proper.

### COUNT III: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

53. Plaintiff includes by reference all facts contained in the previous paragraphs of this Complaint as if fully set forth herein.

54. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

### PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF respectfully prays that judgment be entered against DEFENDANT for the following:

    A.    Actual damages;
    B.    Statutory damages for willful and negligent violations;
    C.    Costs and reasonable attorney's fees; and
    D.    For such other and further relief as may be just and proper.

### PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

55. aAs per Plaintiff's rights under Article 1, Section 16 of the Constitution of the State of California, Plaintiff reserves his right to and hereby demands a trial by jury on all issues so triable.

Respectfully submitted this 9th day of April, 2017.

By: _____
Jason Alan
*Pro Se Litigant*

COMPLAINT
-13-

Exhibit 1, page 13